UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL MALDONADO,

                              Petitioner,

        -against-

NEW YORK STATE PAROLE
COMMUNITY SUPERVISION,

                              Respondent.

22-CV-4839 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Petitioner, who is currently incarcerated at FCI Fairton in New Jersey, brings this *pro se*

"Petition for Writ of Mandamus and/or Writ of *H[a]beas Corpus Ad Prosequendum* . . .

invok[ing] the procedure of Interstate Agreement for resolution of outstanding N.Y.C. parole

charges."[1] (ECF 1.) By order dated August 31, 2022, the Court granted Petitioner's request to

proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Petitioner

leave to file an amended petition within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under

Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a

Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

---

[1] Petitioner filed this petition in the United States District Court for the Northern District
of Florida, and that court transferred the matter here. *Maldonado v. New York State Parole
Community Supervision*, No. 22-CV-162 (N.D. Fla. June 9, 2022).

the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the petition and publicly available court records. Petitioner was convicted, in the United States District Court for the Middle District of Florida, of failure to register as a sex offender, and sentenced to 70 months in prison.[2] *United States v. Maldonado*, No. 17-CR-179 (M.D. Fla. Apr. 7, 2022). Shortly thereafter, Petitioner filed this petition in the United States District Court for the Northern District of Florida, against the "New York State Parole Community Supervision."[3] (ECF No. 1 at 1.) Petitioner seeks "an order of transport" under the "Interstate Agreement of Detainer," (IAD), to resolve "outstanding N.Y.C. parole charges," so that "interruptions of prisoner rehabilitation programs . . . are minimized," and also to "eliminate the adverse effects" of a "long standing" detainer. (*Id.* at 2.) Also attached to the petition is a "Motion for Speedy Trial upon Demand and Request for Order of Transport" under Florida law, and documents suggesting that either a warrant or detainer were lodged

---

[2] That court denied a motion petitioner filed seeking to have his state and federal sentences run concurrently. (No. 17-CR-179, 161 (M.D. Fla. Aug. 15, 2022).)

[3] The Court construes the petition as naming the New York State Department of Corrections and Community Supervision (DOCCS).

against Petitioner. (*Id.* at 6-7.) Petitioner moves for appointment of counsel under the Criminal

Justice Act (CJA). (ECF 8.)

## DISCUSSION

### A.    **Mandamus relief**

Petitioner styles his filing as a petition for a writ of mandamus and seeks relief under the

Interstate Agreement of Detainers (IAD). The federal district courts have jurisdiction of "any

action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief is

available only upon a showing that: " (1) no other adequate means [exist] to attain the relief he

desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is

appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal

quotation marks and citation omitted, first alteration in original). Mandamus relief is a drastic

remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon,

Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S.

394, 402 (1976).

The IAD, 18 U.S.C. App 2 § 2, is a compact among 48 States, the District of Columbia,

and the Federal Government, which "codifies the procedure by which authorities in a

participating state may "gain custody of a prisoner incarcerated in another jurisdiction, in order

to try him on criminal charges." *Reed v. Farley*, 512 U.S. 339, 341 (1994). A detainer based on a

violation of parole is not a detainer based on "any untried indictment, information or complaint"

within the meaning of the IAD. *Carchman v. Nash*, 473 U.S. at 725-26 (holding that IAD applies

to detainers based on outstanding criminal charges and not to probation or parole violations);

*Musciotto v. Nardelli*, No. 19-CV-559, 2019 WL 5086691, at *4-5 (D. Conn. Oct. 10, 2019)

(holding that the protections established by the IAD do not apply to probation violation detainers).

Because the provisions of the IAD do not apply to the detainer at issue in this case, Petitioner has failed to show that he is entitled to the mandamus relief he seeks, and his application for such relief is therefore denied.

**B.      Recharacterization of application as a Section 2254 petition**

Petitioner is seeking the adjudication of a state court detainer. The Court construes the petition as a *habeas corpus* petition, filed under 28 U.S.C. § 2254, challenging the execution of a state sentence.[4] *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003) (holding that a challenge to the execution of a state sentence is properly brought under Section 2254); *e.g. Musciotto*, 2019 WL 5086691, at *3 (holding that a "prisoner's challenge to a [state court] detainer . . . is more akin to a challenge to the execution of a sentence," and "must be brought" under Section 2254); *Blanchard v. New York*, No. 18-CV-448, 2018 WL 2324054, at *2 (N.D.N.Y. May 22, 2018) (holding that state prisoners "must bring challenges both to the execution of a sentence and to underlying convictions under" Section 2254); *Goodwin v. Hammock*, 502 F. Supp. 756, 758 (S.D.N.Y. 1981) (federal prisoner challenging parole violation detainer filed by state authorities and seeking an immediate state hearing must seek *habeas corpus* relief under Section 2254).

District courts generally must provide a petitioner notice and an opportunity to withdraw a mislabeled *habeas corpus* petition before recharacterizing it. This is because the limitation on

---

[4] Section 2254 provides that a federal district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

the filing of second or successive petitions "favor[s] providing the prisoner with notice of the intended conversion and the opportunity to add additional claims . . . or withdraw the [application] entirely." *Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001); *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). If Petitioner does not wish to pursue *habeas corpus* relief under Section 2254, he must submit to the Court, within 60 days of the date of this order, a written request to withdraw this action. If Petitioner does not file a request to withdraw within 60 days of the date of this order, the Court will regard his submission as a petition for Section 2254 *habeas corpus* relief.[5]

## C.    Exhaustion of state court remedies

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)) ; *see Flanders v. Chairman of Div. of Parole State of New York,* No. 02-CV-3899, 2004 WL 253323, at *2 (S.D.N.Y. Feb. 10, 2004) (exhaustion of a *habeas* claim regarding a denial of parole in New

---

[5] To the extent Petitioner seeks to challenge the execution of his federal sentence, he would need to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in the district in which he is confined, after exhausting administrative remedies with the United States Bureau of Prisons. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004); *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001).

York State first requires appeal to the parole board's Appeals Unit); *Pena v. Ellis,* No. 07-CV-2736, 2007 WL 4565032, at *3 (E.D.N.Y. Dec. 21, 2007) (holding that petitioner's challenge to parole revocation deemed unexhausted because he did not file administrative appeal).

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, he must detail the steps he has taken to fully exhaust each ground for relief in the New York courts.

### D.      Rule 2

A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

If Petitioner files an amended petition, it should comply with Rule 2(c), that is, clearly set forth all of Petitioner's grounds for *habeas corpus* relief and the facts that support each ground.

### E.      Motion for counsel

Petitioner moves for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. There is no constitutional right to counsel in *habeas corpus* proceedings. The Criminal Justice Act ("CJA") provides that a court may appoint counsel to an indigent person when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants. *See e.g., Zimmerman v. Burge*, 492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)); *In re Pizzuti*, 10-CV-199, 2010 WL 4968244, at *1 (S.D.N.Y. Dec. 7,

2010). Those factors include the likelihood of success on the merits, the complexity of the legal issues and petitioner's ability to investigate and present the case. *See Cooper*, 877 F.2d at 172; *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Accordingly, the request for counsel is denied without prejudice.

## CONCLUSION

The motion for counsel is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 8.)

The Court grants Petitioner 60 days' leave to either: (1) submit a written request to withdraw this action, or (2) file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. In an amended petition, Petitioner should set forth clear grounds for relief, and allege facts showing that he exhausted his available state-court remedies. Petitioner's submission must bear the same docket number as this order (22-CV-4839 (LTS)). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner may complete to comply with this order. If Petitioner files an amended petition, it will completely replace the original submission and demonstrate Petitioner's intent to pursue *habeas corpus* relief under Section 2254. Any amended petition filed shall be reviewed for substantive sufficiency, and then, if proper, this action will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny Petitioner's original submission without prejudice. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

7

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 5, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

AO 241
(Rev. 06/13)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                    Page 2
(Rev. 06/13)                              **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

The Attorney General of the State of

**AMENDED**
**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:



      (b) Criminal docket or case number (if you know):

2.    (a) Date of the judgment of conviction (if you know):

      (b) Date of sentencing:

3.    Length of sentence:

4.    In this case, were you convicted on more than one count or of more than one crime?    ❏  Yes        ❏  No

5.    Identify all crimes of which you were convicted and sentenced in this case:







6.    (a) What was your plea? (Check one)

                    ❏   (1)      Not guilty        ❏   (3)      Nolo contendere (no contest)

                    ❏   (2)      Guilty            ❏   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❐ Jury     ❐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❐ Yes     ❐ No

8.     Did you appeal from the judgment of conviction?

❐ Yes     ❐ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❐ Yes     ❐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❒   Yes          ❒   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.      Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ❒   Yes          ❒   No

11.      If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒   Yes      ❒   No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes     ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ❏ Yes     ❏ No

(2) Second petition:     ❏ Yes     ❏ No

(3) Third petition:     ❏ Yes     ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ❐  Yes  ❐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐  Yes  ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❐  Yes  ❐  No

(4) Did you appeal from the denial of your motion or petition?  ❐  Yes  ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❐  Yes  ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒  Yes          ❒  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❒  Yes      ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?               ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❐  Yes          ❐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❐  Yes          ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❐  Yes          ❐  No

(4) Did you appeal from the denial of your motion or petition?          ❐  Yes          ❐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ❐  Yes          ❐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏   Yes        ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes        ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?               ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

          having jurisdiction?     ❏ Yes     ❏ No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

          presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

          ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

       that you challenge in this petition?     ❏ Yes     ❏ No

       If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

       raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

       of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

       the judgment you are challenging?     ❏ Yes     ❏ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

       raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ❏  Yes      ❏   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ❏  Yes      ❏   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print      Save As...                                                                                          Reset